# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00140-MOC-DSC

| | |
|---|---|
| BENJAMIN F. CLARK AND EDNA W. CLARK, ) ) ) | |
| Plaintiffs, ) ) | **MEMORANDUM AND ORDER** |
| v. ) ) ) | |
| CITIFINANCIAL SERVICING, LLC, ) ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on "Defendant's Motion to Stay and Compel Arbitration," Doc. 2, and the parties' associated briefs and exhibits, Docs. 3, 7 and 9.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court will grant Defendant's Motion to Stay and Compel Arbitration, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 2003, Plaintiffs borrowed the sum of $91,648.33 from CitiFinancial Services, Inc. by means of a Disclosure Statement, Note and Security Agreement (the "2003 Note"). See Doc. 2, Ex. 2. Contemporaneous with the execution of the 2003 Note, Plaintiffs executed an Arbitration Agreement. See Doc. 2, Ex. 3. This Arbitration Agreement expressly covers any "Credit Transaction" between the parties, defined as "past, present, or future extensions, applications or inquiries of credit or forbearance of payment such as a loan, retail credit

agreement, or otherwise from any of Us to You."[1] Id. On September 30, 2005, Plaintiffs refinanced the 2003 Note by signing a Disclosure Statement, Note and Security Agreement with CitiFinancial Services, Inc. in the amount of $112,464.23 ("2005 Note"). See Doc. 2, Ex. 4. Defendant CitiFinancial is the successor by merger to CitiFinancial Services, Inc.

Plaintiffs commenced this action by filing a Complaint in Mecklenburg County Superior Court on February 11, 2016. The Complaint alleges that CitiFinancial placed collection calls to them in violation of the North Carolina Debt Collection Act, N.C.G.S. § 75-50 et seq. ("NCDCA"). Plaintiffs allege that Defendant caused their telephone to ring with such frequency as to be unreasonable in violation of N.C.G.S. § 75-52(3). Doc. 1, Ex. 1 at ¶ 26. Plaintiffs also allege that the "numerous calls" were harassing and abusive. Id. at ¶¶ 27, 29-31. Finally, Plaintiffs allege that Defendant informed them that their home was in foreclosure when it was not, in violation of N.C.G.S. § 75-54. Id. at ¶¶ 32-33. In their second cause of action, Plaintiffs allege Defendant negligently caused them severe emotional distress by placing these telephone calls. Id. at ¶¶ 37-41. Plaintiffs seek to recover statutory damages, costs, and attorneys' fees, as well as actual, compensatory, and punitive damages on their negligent infliction of emotional distress claim.

Defendant received the Complaint via certified mail delivered to CT Corporation on February 19, 2016. Defendant sent an arbitration demand to counsel for Plaintiffs on March 7, 2016, and subsequently removed the case to this Court on March 18, 2016. Removal has not been challenged and appears proper.

Defendant's Motion to stay the case and compel arbitration is ripe for disposition.

---

[1] "Us" is defined as "the Lender under the Note [and] its past, present or future respective parents, subsidiaries, affiliates, predecessors, assignees, successors, and their respective employees, agents, directors, and officers." Doc. 2, Ex. 3.

## II. DISCUSSION

The Federal Arbitration Act ("FAA") establishes a policy favoring arbitration. The FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3. The Supreme Court has described the FAA as "a liberal federal policy favoring arbitration." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citation omitted). Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." Am. Exp. Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2309 (2013) (internal quotation omitted). As a result, this Court must compel arbitration if: "(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement." Chorley Enter., Inc. v. Dickey's Barbecue Rest., Inc., 807 F.3d 553, 563 (4th Cir. 2015). In deciding whether the parties have an enforceable agreement to arbitrate, courts apply state law principles that govern the formation of contracts. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

Plaintiffs do not dispute the existence of the Arbitration Agreement executed in 2003. See Doc. 2, Ex. 3. They contend that the Arbitration Agreement is both procedurally and substantively unconscionable and thus unenforceable. Plaintiffs contend that the Arbitration Agreement is unconscionable because: (1) it is a contract of adhesion; (2) they "had no idea" the Agreement said what it said; (3) they had no attorney present when they signed it; (4) the Agreement somehow prevents any "legal redress," "legal remedies," or "legal challenges" because it requires arbitration; and (5) the Agreement provides an exception for foreclosures but not for consumer actions. See Doc. 7.

Plaintiffs rely on Tillman v. Commercial Credit Loans, Inc., 655 S.E.2d 362 (N.C. 2008), dealing with unconscionability in the context arbitration agreements. In Torrence v. Nationwide Budget Fin., 753 S.E.2d 802 (2014) review denied, cert. denied, 759 S.E.2d 88 (2014) (reversing denial of motion to compel arbitration), the North Carolina Court of Appeals examined Tillman in light of recent Supreme Court precedent. The Court held that "while both [United Supreme Court cases] Concepcion and Italian Colors dealt with class action waivers, underlying those decisions was a broader theme that unconscionability attacks that are directed at the arbitration process itself will no longer be tolerated." 753 S.E.2d at 812. The Court of Appeals also held that "the legal theories upon which Tillman's substantive unconscionability analysis is based have been undermined by subsequent decisions of the United States Supreme Court in the context of cases under the FAA." Id.

The Court finds that Plaintiffs have failed to meet their burden of proving that the Arbitration Agreement is unconscionable. Since a valid arbitration agreement exists between the parties, Defendant's Motion to Stay and Compel Arbitration is GRANTED. The parties are ORDERED to proceed to arbitration and submit status reports to the Court every ninety (90) days.

The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Max O. Cogburn, Jr.

    **SO ORDERED**.

Signed: July 26, 2016

David S. Cayer
United States Magistrate Judge