UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00140-MOC-DSC

| | |
|---|---|
| **BENJAMIN AND EDNA CLARK,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **CITIFINANCIAL SERVICING LLC,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Motion to Enforce Settlement Agreement. Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

I. **Background**

Plaintiffs filed suit alleging that defendant violated the North Carolina Debt Collection Act by placing collection calls to plaintiffs. In response, defendant filed a motion to stay and compel arbitration. The collection calls were placed regarding a loan plaintiffs took out with defendant in 2003 and refinanced in 2005. In both the 2003 and 2005 agreements, contemporaneous arbitration agreements were executed. Each arbitration agreement stated clearly that it applied to any claim involving plaintiffs and defendant, including loan collection disputes. The motion to stay and compel was granted and the parties proceeded to arbitration.

The parties engaged in arbitration before the American Arbitration Association, and ultimately executed a mediated settlement agreement following mediation in the arbitration proceedings. Despite reaching this agreement, plaintiffs have yet to fully execute the agreed-to

recitals or dismiss this case. The Court notes that plaintiffs *and* there adult children executed the mediated settlement agreement. In addition to a confidential settlement of this action, the agreement limited plaintiffs' ability to appeal the related state foreclosure action to statutory defense before the North Carolina Superior Court. Plaintiffs were represented by counsel throughout the proceedings in this Court and during the arbitration. After execution of the mediated agreement, plaintiffs filed what they term a revocation of their signatures and initials appearing on the mediated agreement.

Having considered the pleadings and conducted a hearing at which plaintiffs appeared with one of their adult children and their counsel, it is evident that plaintiffs believe the settlement provides too little compensation and unduly restricts their ability to appeal the foreclosure. The pleadings allude to "difficult family dynamics," and the Court allowed the adult child to allocute (with counsel) at the hearing on behalf of his elderly parents. Such adult child expressed well the concerns of the plaintiffs. The Court notes that after defendant filed the instant motion to compel plaintiffs to comply with the settlement agreement, plaintiffs filed a *pro se* revocation of signatures and initials, claiming the agreement was written up in bad faith and must be renegotiated.

**II.     Legal Standard**

Resolution of a motion to enforce a settlement agreement draws on standard contract principles. Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002). District courts have inherent authority, derived from their equity power, to enforce settlement agreements. Id. (citing Millner v. Norfolk & W. Ry. Co., 643 F.2d 1005, 1009 (4th Cir. 1981)). Exercising this authority has the practical effect of entering a judgment by consent. Id.

To exercise this inherent power, a district court must (1) find that the parties reached a

complete agreement and (2) be able to determine its terms and conditions. Moore v. Beaufort County, 936 F.2d 159, 162 (4th Cir. 1991); Ozyagcilar v. Davis, 701 F.2d 306, 308 (4th Cir. 1983). If the court finds that both factors have been satisfied by the parties, the court may summarily enforce the agreement as long as the excuse for nonperformance of the agreement is "comparatively insubstantial." Millner, 643 F.2d at 1009 (quoting Autera v. Robinson, 419 F.2d 1197, 1200 (D.C.Cir.1969)). "[H]aving second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement." Young v. FDIC, 103 F.3d 1180, 1195 (4th Cir. 1997).

If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement summarily, but must instead "conduct a plenary evidentiary hearing in order to resolve that dispute" and make findings on the issues in dispute. Millner, 643 F.2d at 1009; Ozyagcilar, 701 F.2d at 308. If a district court concludes that no settlement agreement was reached or that agreement was not reached on all material terms, then it must deny enforcement. Hensley, 277 F.3d at 541.

### III. Discussion

Here, the Moore factors have been satisfied and, as plaintiffs have failed to offer a substantial reason for nonperformance, the court will enforce the agreement.

The parties reached an agreement on June 14, 2017 (filed as Exhibit A of the instant motion and under seal as Doc. #17). The material terms of that agreement are readily discernable on the face of the agreement. Plaintiffs agreed to dismiss this case and release defendant from any and all claims, in return for defendant paying plaintiffs and their counsel a sum certain. The parties also

agreed that plaintiffs would retain the right to assert certain state statutory defenses in a foreclosure proceeding pending in Mecklenburg County, but would waive any right to appeal a ruling from the Superior Court in the foreclosure proceeding. Further, plaintiffs agreed to release and waive any affirmative claims against defendant in the foreclosure proceeding. The agreement was signed by the parties, including plaintiffs' adult children, and counsel. The Court concludes that the agreement is complete, as it disposes of the case in its entirety, and the material terms and conditions are easily determined from the text of the agreement. Moore, 936 F.2d at 162.

Plaintiffs do not offer a comparatively substantial reason for nonperformance of the settlement agreement. Millner, 643 F.2d at 1009. Although alleging bad faith in negotiating the agreement, plaintiffs were unable to point to any cognizable evidence of bad faith on the part of the defendant or its counsel during the negotiations. Indeed, the record before the Court indicates that plaintiffs were at all time represented by counsel and that as an added measure, their adult sons were consulted and added their signature to the mediated agreement. While plaintiffs may have had second thoughts about the agreement, second thoughts are not a valid reason to deny enforcement of an otherwise valid settlement agreement. Young, 103 F.3d at 1195. At the hearing, the adult child speaking for the plaintiffs stated that he believed that harassment of his parents by defendant's agents was deserving of more compensation and that they should be allowed to raise this as a defense or as an appellate issue in the state court proceedings. The Court fully understands those arguments and appreciates the devotion of these children to their elderly parents. The settlement reached is, however, a legally binding agreement – a contract – which is well within the realm of similar agreements reached at arms' length. While no amount of money is ever full compensation for any injury, be it physical or emotional, the amount agreed to here is substantial.

The amount agreed to will provide meaningful compensation to plaintiffs and, while there is admission of liability, it would likely cause reasonable businesses to closely review their collections/servicing practices and implement reforms.

Finding no substantial reason offered for nonperformance, the court will order enforcement of the valid settlement agreement.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Enforce Settlement Agreement (#15) is **GRANTED**. The parties shall perform all obligations under the mediated settlement agreement. If plaintiffs fail to execute and return to defendant the required releases, recitals, agreements, and the stipulation of dismissal within 30 days of entry of this Order, defendant shall submit to the Court a proposed Judgment consistent with the terms of the mediated agreement and this Order.

The parties shall bear their own costs and fees in the prosecution and defense of the instant motion.

Signed: November 17, 2017



Max O. Cogburn Jr
United States District Judge